UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAG HOLDINGS TRUST, et al.,<br>Plaintiffs,<br>v.<br>COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES, et al.,<br>Defendants. | No. 2:26-cv-3531 DAD AC (PS)<br><br><u>ORDER</u> |

Plaintiff, who is proceeding in pro se, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 4.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, most named defendants for whom a residence is identified are listed as residing in Los Angeles County, California. ECF No. 1 at 2-4. Further, while the complaint

addresses the rights to five properties located in various counties across California, two of the properties (La Verne and Union Station) are located in Los Angeles County. ECF No. 1 at 8. Additionally, the complaint challenges and seeks relief from a court order issued by the Los Angeles Superior Court. Id. at 9. Because most defendants appear to reside in Los Angeles County, a substantial part of the property at issue is located in Los Angeles County, and a substantial part of the events giving rise to the claims took place in Los Angeles County, this case could have been filed in Los Angels County, which is located in the Western Division of the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the Western Division of the United States District Court for the Central District of California.

DATED: October 15, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE